PER CURIAM.
On April 1, 19S8, counsel for the parties on appeal filed a stipulation which, if recognized by the court, would afford appellant in this criminal cause an additional forty days in which to file the brief that was due March 30, 1958.
The reason assigned for failure to comply with Section 6.11(b) Florida Appellate Rules is that it was “impossible to prepare a brief” because the attorney who handled the trial in the lower court and who is a member of the law firm representing appellant on this appeal, "was compelled to be out of his office for a big portion of the last three weeks” prior to the date the brief was due. The circumstance that “compelled” such absence is not stated, and no reason is assigned why the brief was not prepared by some other member of the law firm or why the application for extension of time was not made until after the filing date expired.
We recognize, however, that the tremendous case load with which the supreme court was saddled during the past few years produced an inescapable situation whereby many months often transpired before an appeal could be reached in regular order for oral argument. This resulted in an understandable lack of diligence in the timely filing of briefs and stipulations extending the time were freely entered into. The primary reason for the creation of this court was to relieve this condition, to shore up against the fact expressed by the adage: “Justice delayed is justice denied.”
In an effort to efficiently perform the service expected of the court, we look with disfavor upon extensions of time to perform the ordinary services required of attorneys in the appeal of criminal cases, and it will be the policy of this court to give such appeals preference on the calendar. Attorneys who engage themselves to represent parties on criminal appeals should be alert to the proposition that the nature of their undertaking in which the public as well as their client, has a vital interest, requires it to be given preference over other types of professional work to the end that the services are performed within the time contemplated by the rule.
While wc find the reasons assigned in this case are inadequate to warrant favorable action on the merits, we take cognizance of the fact that the situation here presented has perhaps been encouraged by the special conditions heretofore mentioned. Hence we are inclined to forbear the consequence of the violation of the rule until a reasonable opportunity has been afforded the bar to understand and appraise the policy we expect to follow in such matters, that is to say: It will not only be necessary to show good cause for the granting of applications to extend the *833 time allowed for all types of performance under the rules, but the application must be made promptly upon the arising of the contingency calling for such extension.
The appellant will be allowed until April 30, 1958 in which to file his brief.
STURGIS, Chief Judge, and WIGGINTON and CARROLL, Judges, concur.